Date signed June 15, 2009



PAUL MANNES
U. S. BANKRUPTCY JUDGE

## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF MARYLAND
### at Greenbelt

| | | |
|---|---|---|
| IN RE: | : | |
| | : | |
| MILE 4 AUTOMOTIVE, INC. | : | Case No. 08-13622PM |
| | : | Chapter 7 |
| Debtor | : | |
| - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -| : | |
| MILE 4 AUTOMOTIVE, INC. | : | |
| Plaintiff | : | |
| vs. | : | Adversary No. 09-00080PM |
| | : | |
| OCEAN PETROLEUM, LLC | : | |
| Defendant | : | |
| - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -| : | |

### MEMORANDUM OF DECISION

This case is before the court on the Defendant's Motion to Dismiss Counts Two, Three and Four of the Complaint for failure to state a claim upon which relief can be granted.

**Count Two** is entitled "Fraud (Misrepresentation, Concealment or Non-Disclosure)." The following is a brief statement of the requirements of Maryland law on the subject.

> To prevail on a claim for fraud, a plaintiff must show: (1) that the defendant made a false representation to the plaintiff, (2) that its falsity was either known to the defendant or that the representation was made with reckless indifference as to its truth, (3) that the misrepresentation was made for the purpose of defrauding the plaintiff, (4) that the plaintiff relied on the misrepresentation and had the right to rely on it, and (5) that the plaintiff suffered compensable injury resulting from the misrepresentation.

*Gourdine v. Crews*, 955 A.2d 769, 791 (Md. 2008). "Fraud may consist in a suppression of the truth as well as in the assertion of a falsehood." *Schnader v. Brooks*, 132 A. 381, 383 (Md.

1926). The Court of Appeals described the elements of the companion action based on fraudulent concealment of material facts in *Green v. H & R Block, Inc.*, 735 A.2d 1039, 1059 (Md. 1999), as including the following elements:

> (1) the defendant owed a duty to the plaintiff to disclose a material fact; (2) the defendant failed to disclose that fact; (3) the defendant intended to defraud or deceive the plaintiff; (4) the plaintiff took action in justifiable reliance on the concealment; and (5) plaintiff suffered damages as a result of the defendant's concealment.

Fed. R. Civ. P. 9(b), made applicable to adversary proceedings by Fed. R. Bankr. P. 7009, requires that in alleging fraud or mistake, ". . . a party must state with particularity the circumstances constituting fraud or mistake[.]" This requirement has long been imposed for numerous reasons, including protecting defendants' reputations from baseless accusations, eliminating unmeritorious suits that are brought only for their nuisance value, discouraging fishing expeditions brought in the dim hope of discovering a fraud, and providing defendants with detailed information in order to enable them to effectively defend against a claim. *Public Employees' Retirement Ass'n of Colorado v. Deloitte & Touche LLP*, 551 F.3d 305, 311 (CA4 2009). As the Fourth Circuit has stated, "'the circumstances' required to be pled with particularity under Rule 9(b) are 'the time, place, and contents of the false representations, as well as the identity of the person making the misrepresentation and what he obtained thereby.'" *Harrison v. Westinghouse Savannah River Co.*, 176 F.3d 776, 783-84 (CA4 1999) (citations omitted). *See also*, 5A Wright & Miller, *Federal Practice and Procedures* § 1297, at 74 (3d ed. 2004.)

Considering the elements of the causes of action set forth above, the court finds that the Complaint falls far short of meeting the heightened requirements for pleading fraud. As to the fraud count, the Complaint is a collection of legal conclusions and conclusory fact allegations. While the Complaint appears sufficient as to the breach of contract claim, because of the absence of a statement identifying the person making the alleged fraudulent allegations and that person's knowledge of the falsity or reckless disregard of the truth, as well as the contents of the alleged fraudulent representation, Count Two does not state a claim based on fraud, *Kwang Dong Pharmaceutical Co. v. Han*, 205 F.Supp.2d 489, 494-95 (D. Md. 2002), and will be dismissed.

**Count Three** of the Complaint is entitled "Unjust Enrichment" and alleges that the Defendant would be unjustly enriched were it permitted to retain money paid to it out of escrow obtained through fraud and misrepresentation. The three elements of a claim of unjust

enrichment are:

> (1) the plaintiff confers a benefit upon the defendant; (2) the defendant knows or appreciates the benefit; and (3) the defendant's acceptance or retention of the benefit "under such circumstances as to make it inequitable for the defendant to retain the benefit without the payment of its value."

*Royal Investment Group, LLC v. Wang*, 961 A.2d 665, 684 (Md. App. 1008). It is generally held that no quasi-contractual claim or claim for unjust enrichment exists when a contract exists between the parties concerning the same subject matter. *See generally, County Commissioners of Caroline County v. J. Rowland Dashiell & Sons, Inc.*, 747 A.2d 600, 607-08 (Md. 2000); *MacDraw, Inc. v. CIT Group Equipment Financing, Inc.*, 157 F.3d 956, 964 (CA2 1998). Exception to this rule is where there is fraud or bad faith in the formation of the contract. *Eyerman v. Mary Kay Cosmetics, Inc.*, 967 F.2d 213, 222 (CA6 1992). There is nothing pleaded to support this exception to the general rule. Count Three will be dismissed.

**Count Four** of the Complaint entitled "Accounting" seeks an accounting of money received through credit card payments from January, 2006, through January, 2008. Accounting is an equitable remedy and, as with all such causes, requires the absence of an adequate remedy at law. *Dairy Queen, Inc. v. Wood*, 369 U.S. 469, 477-78 (1962). *See generally*, *Alternatives Unlimited, Inc. v. New Baltimore City Board of School Commissioners*, 843 A.2d 252, 307-08 (Md. App. 2004). As in the *Alternatives* case, what the Plaintiff is seeking here is discovery which might assist in computing damages if it prevails on its theory of liability in Count One. The Plaintiff has an adequate remedy at law. This Count will also be dismissed.

An appropriate order will be entered.

cc:
Charles C. Iweanoge, Esq., 1026 Monroe Street, NE, Washington, DC 20017
Alan M. Grochal, Esq., 100 East Pratt Street, Floor # 26, Baltimore, MD 21202
Steven H. Greenfeld, Esq., Trustee, 7910 Woodmont Avenue, #1103, Bethesda, MD 20814

**End of Memorandum**