Date signed September 14, 2009



PAUL MANNES
U. S. BANKRUPTCY JUDGE

# UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF MARYLAND
## at Greenbelt

| | | |
|---|---|---|
| IN RE: | : | |
| | : | |
| MILE4 AUTOMOTIVE, INC. | : | Case No. 08-13622PM |
| | : | Chapter 7 |
| Debtor | : | |
| - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - | : | |
| MILE4 AUTOMOTIVE, INC. | : | |
| Plaintiff | : | |
| Counter-Defendant | : | |
| vs. | : | Adversary No. 09-0080PM |
| | : | |
| OCEAN PETROLEUM, LLC | : | |
| Defendant | : | |
| Counter-Claimant | : | |
| - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - | : | |

## MEMORANDUM OF OPINION

Before the court is the Motion to Dismiss Counterclaim and/or in the Alternative for Summary Judgment filed on behalf of the Trustee, Steven H. Greenfeld. The Trustee contends that the Counter-Claimant failed to file a motion for relief from the stay of 11 U.S.C. § 362(a) so as to allow the filing of the Counterclaim. The Trustee further contends that the Counter-Claimant fails to allege that the claim held by it is not dischargeable pursuant to 11 U.S.C. § 523(a) and that it fails to allege any claim that the Debtor made a material false statement or committed any fraud or willful or malicious injury.

The Trustee fails to recognize 11 U.S.C. § 727(a)(1) that denies a discharge to an entity such as the Debtor that is not an individual. This is basic bankruptcy law, and it is surprising to the court that the Trustee, who is the real party in interest, would authorize such a contention.

Next, as noted in *In re Roxford Foods, Inc.*, 12 F.3d 875, 878 (CA9 1993), "the automatic stay [is] inapplicable to a suit commenced in the same court where the bankruptcy [is] pending." ***See also, In re Uni-Marts, LLC***, 404 B.R. 767, 782-83 (BC Del. 2009) ("[T]he filing of an adversary proceeding is 'equivalent to the filing of claims against the estate and allowable under 11 U.S.C. § 501, despite the automatic. . . .'"), *In re Briarwood Hills Associates, L.P.*, 237 B.R. 479, 480 (BC W.D. Mo. 1999); *In re North Coast Village, Ltd.*, 135 B.R. 641, 643-44 (BAP9 1992). Finally, the doctrine of recoupment allows the offset of any claim arising from the estate's claim. This allows the particular creditor's preference over others. *See: In re Anes*, 195 F.3d 177 (CA3 1999), *Matter of U.S. Abatement Corp.*, 79 F.3d 393 (CA5 1996), *Ashland Petroleum Co. v. Appeal*, 782 F.2d 155, 157 (CA10 1986); *In re Adamic*, 291 B.R. 175 (BC Colo. 2003).

The Motion filed on behalf of the Trustee is wholly without merit. It will be denied in all respects. An appropriate order will be entered.


cc:
Charles c. Iwenoge, Esq., 1026 Monroe Street, N.E., Washington  DC  20017
Steven H. Greenfeld, Trustee , 7910 Woodmont Avenue, Suite 1103, Bethesda, MD 20814
Alan M. Grochal, Esq., 100 E. Bratt Street, Fl. 26, Baltimore, MD 21202
United States Trustee, 6305 Ivy Lane, #600, Greenbelt  MD  20770


**End of Memorandum**